## IN THE UNITED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

TONYA STACKER,

    Plaintiff,

v.

AARGON AGENCY, INC.,

    Defendant.

Case No.   3:19-cv-00078

### COMPLAINT

NOW COMES, TONYA STACKER, through counsel, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, AARGON AGENCY, INC., as follows:

### NATURE OF THE ACTION

1.      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.      TONYA STACKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 148 Price Street, Cahokia, Illinois 62206

5.      AARGON AGENCY, INC. ("Defendant") is a foreign corporation with its principal place of business at 8668 Spring Mountain Road, Las Vegas, Nevada 89117. Defendant is a debt collector that collects debts owed to third parties.

1

## **FACTUAL ALLEGATIONS**

6.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 1747.

7.      At all times relevant, Plaintiff's number ending in 1747 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

8.      At all times relevant, Plaintiff was financially responsible for her wireless telephone equipment and services.

9.      Plaintiff received energy services from Ameren Illinois ("Ameren").

10.     On or before May 15, 2018, Ameren placed Plaintiff's Ameren account with  an alleged balance of $1,928.00 with Ameren for collection ("subject debt").

11.     Although Plaintiff did receive services from Ameren, Plaintiff disputes that the amount owed is $1,928.00.

12.     Immediately after the subject debt was placed with Defendant, Defendant began placing collection calls to Plaintiff's cellular phone.

13.     Shortly thereafter, Plaintiff discovered that Defendant began to report the subject debt to Trans Union LLC, a credit reporting agency.

14.     On or before July 21, 2018, Plaintiff engaged the law firm Lexington Law in an effort to correct Defendant's inaccurate credit reporting.

15.     In the intervening time, Defendant continued placing collection calls to Plaintiff.

16.     During the calls that Plaintiff answered, Plaintiff was greeted with a period of dead air prior to being connected with a live agent.

17.     During one of the calls with Defendant, Plaintiff informed Defendant she was represented by Lexington Law in relation to the subject debt and requested that Defendant cease placing phone calls to her and/or her cellular phone.

18.     Despite Plaintiff informing Defendant that she was represented by counsel and requesting that the calls cease, Defendant continued placing calls to Plaintiff's cellular phone.

19.     Moreover, Lexington Law sent Defendant no less than three written correspondences requesting that Defendant cease contacting Plaintiff and instead direct all communications to Lexington Law.

20.     Plaintiff and Lexington Law's requests fell on deaf ears and Defendant continued placing collection calls to Plaintiff.

21.     In total, Defendant placed no less than 50 calls to Plaintiff's cellular phone after Plaintiff advised Defendant that she was represented by counsel and requested that Defendant cease contacting her.

22.     Plaintiff has never received a written correspondence from Defendant.

## DAMAGES

23.     Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

24.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and

functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25.     As a result of Defendant actions, Plaintiff has been forced to expend time and energy to retain counsel, and has incurred attorney's fees and costs.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

26.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

### Violation(s) of 15 U.S.C. § 1692c(a)(2)

30.     **Section 1692c provides:**

**(a) Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

    (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

31.     Defendant violated 15 U.S.C. § 1692c(a)(2) by continuing to communicate with Plaintiff after Plaintiff and her counsel notified Defendant that she was represented by counsel.

### Violation(s) of 15 U.S.C. § 1692d(5)

4

32.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 .S.C. §§ 1692d(5).

33.     Defendant violated §§1692d and d(5) when it placed no less than 50 calls to Plaintiff's cellular phone attempting to collect the subject debt after Plaintiff requested that the calls cease and after Defendant had knowledge that Defendant was represented by counsel.

34.     Defendant violated 15 U.S.C. § 1692d(5) by placing no less than fifty (50) phone calls to Plaintiff after Plaintiff requested that that the calls cease.

35.     Defendant's conduct was undertaken with the specific intent of annoying, harassing, and abusing Plaintiff as demonstrated by (1) Defendant's refusal to cease placing calls to Plaintiff after Plaintiff requested that the calls cease, and (2) Defendant's failure to cease contact with Plaintiff after it Defendant had knowledge that Plaintiff was represented by counsel.

**Violation(s) of 15 U.S.C. § 1692g(a)**

31.     Section 1692g(a) provides:

[w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

5

32.     Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff the required validation notice within five days of Defendant's initial contact with Plaintiff. As stated above, Plaintiff has never received a written correspondence from Defendant.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692c(a)(2), d, d(5) and g(a);

B.     an award of any actual damages sustained by Plaintiff;

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

### COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

34.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

36.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

37.     The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

38.     The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

39.     Upon information and belief, based on the lack of prompt human response during phone calls that Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

40.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

41.     Defendant violated the TCPA by placing no less than 50 calls to Plaintiff's cellular phone using an ATDS without Plaintiff's express consent.

42.     As stated above, Plaintiff revoked any prior consent, if any, during phone calls with Defendant by requesting that Defendant cease calls to her cellular phone.

43.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

44.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.      an order enjoining Defendant from placing any further calls to Plaintiff's cellular telephone number ending in 1747 in the future;

C.      an award of statutory damages of at least $500.00 for each and every violation;

7

  D.  an award of treble damages of up to $1,500.00 for each and every violation; and

  E.  an award of such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 25, 2019        Respectfully Submitted,

                     _/s/ Mohammed O. Badwan_
                     Mohammed O. Badwan, Esq.
                     Counsel for Plaintiff
                     Sulaiman Law Group, Ltd.
                     2500 S. Highland Ave., Ste. 200
                     Lombard, Illinois 60148
                     Phone (630) 575-8180
                     mbadwan@sulaimanlaw.com